Filed 1/8/15  P. v. Espinoza CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOHN RICHARD ESPINOZA,<br><br>        Defendant and Appellant. | E061346<br><br>(Super.Ct.No. SWF1400404)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Timothy F. Freer, Judge.

Affirmed.

Caroline R. Hahn, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a plea agreement, defendant and appellant John Richard Espinoza pled

guilty to two counts of assault (Pen. Code,[1] § 245, subd. (b); counts 1 & 2); negligent

_____

[1] All future statutory references are to the Penal Code unless otherwise stated.

discharge of a firearm (§ 246.3; count 3); criminal threats (§ 422; count 5); and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 6). Defendant also admitted that in the commission of counts 1 and 3 he had personally used a firearm (§ 12022.5, subd. (a)). Defendant further admitted that he had suffered one prior serious and violent felony strike conviction within the meaning of sections 667, subdivisions (c) and (e)(1) and 1170.12, subdivision (c)(1). In return, the remaining charges and enhancement allegations were dismissed and defendant was sentenced to a total term of 17 years in state prison with credit for time served. Defendant appeals from the judgment, challenging the validity of the plea and admissions. We find no error and affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

On December 26, 2013, defendant willfully and unlawfully committed an assault upon Jane Doe and John Doe with a semiautomatic firearm and personally discharged or displayed the firearm to Jane Doe. On this same date, defendant willfully and unlawfully discharged a firearm in a grossly negligent manner which could have resulted in the injury or death of a person. Defendant admitted that he had shot at a parked car in the front yard. Defendant also admitted to making unequivocal, unconditional, and immediate specific terrorist threats to Jane Doe with the specific intent to cause Jane Doe to be in sustained fear for her own safety or the safety of members of her immediate

2

family. Defendant further admitted to possessing a usable quantity of methamphetamine on December 26, 2013.

On March 17, 2014, a second amended felony complaint was filed charging defendant with two counts of assault (§ 245, subd. (b); counts 1 & 2); negligent discharge of a firearm (§ 246.3; count 3); malicious discharge of a firearm at an inhabited motor vehicle (§ 246); criminal threats (§ 422; count 5); possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 6); and felon in possession of a firearm (§ 30305, subd. (a); count 7). The complaint also alleged that in the commission of counts 1, 2, 3, and 4, defendant personally used a firearm (§ 12022.5, subd. (a)). The complaint also alleged that defendant had suffered one prior serious and violent felony strike conviction within the meaning of sections 667, subdivisions (c) and (e)(1) and 1170.12, subdivision (c)(1).

On April 28, 2014, defendant waived his right to a preliminary hearing and trial and pled guilty. Pursuant to a plea agreement, defendant pled guilty to counts 1, 2, 3, 5, and 6. He also admitted that in the commission of counts 1 and 3 he had personally used a firearm (§ 12022.5, subd. (a)) and that he had suffered one prior serious and violent felony strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)). In return, the remaining charges and enhancement allegations were dismissed. After directly examining defendant, the trial court found that defendant understood the nature of the charges and the consequences of the plea; that the plea was entered into freely, voluntarily, knowingly, and intelligently; and that there was a factual basis for his plea.

Defendant thereafter waived a presentence probation report and requested to be immediately sentenced.  Defendant was sentenced to the agreed-upon term of 17 years in state prison and awarded 113 days of custody credit for time served.

On June 11, 2014, defendant filed a notice of appeal, challenging the validity of the plea and admissions, based on ineffective counsel and counsel pressuring and intimidating him to accept the plea agreement.  He also filed a request for a certificate of probable cause.  The trial court granted defendant's request for a certificate of probable cause on June 12, 2014.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

4

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

MILLER
J.

5